## Hilling *et uxor versus* Wilson.

1. This court will not notice an error assigned to the charge of the court below,
when no exception was there taken to it.
2. The return of a deputy surveyor is good, although returned by the successor
of the officer who made the survey.
3. That the return of a deputy surveyor that has been made for more than
twenty-one years, and a patent issued thereon, was made by one authorized to
make it, is a presumption, the conclusiveness of which cannot now be questioned.

ERROR to the Court of Common Pleas of *Fayette county.*

This is an action of ejectment, in which the plaintiffs in error
and plaintiffs below claimed a part of the land in dispute, as
heirs of William Wilson, deceased. The father of the plaintiff's
wife had entered upon the Sally Gratz tract of land, lying in the
mountains, in the year 1816, and made an improvement, and
moved on to the land in the spring of 1817—he built a small cabin
house or two ; cleared about fifteen or twenty acres of the land,
and raised a new hewed log-house; planted out fruit trees, &c.,
—in short, he made it his home and place of residence ; raised
grain, &c., on it, to support his family, until his death, which
took place in 1828. The defendant in error is the step-son of
William Wilson, and soon after his step-father's death he took
up his residence on this place, with his mother; and, as agent,
took the management of the place, &c., for her and the young
family of his mother, who were all minors. He worked the land for
the family, and they all lived together, as before the old man's death.
This state of things continued, so far as the old lady and chil-
dren knew, until her death, which took place on the land, in 1839.
But, soon after the old man's death, as appears from the testimony
of A. Stewart, Esq., the defendant in error contracted with him,
as the agent of the Gratz's, for the purchase of William Wilson's
improvement on this tract, including the building ; about seventy
acres, for less than fifty cents an acre—paying nothing for the

[Hilling et uxor *v.* Wilson.]

improvement, which was worth some $300. This purchase was made by the defendant in error, while acting as agent of the family in a fiduciary capacity.

On the trial, Alexander McLean was called, by whom the plaintiffs propose to prove that his father, the deputy surveyor of this county, who made the survey on the Sally Gratz warrant, never did return it, and how he knows that fact. Defendant objects to the evidence offered, because it contradicts the official certificate.

The court, GILMORE, J., sustained the objection, to which plaintiffs excepted, and now assign the same for error.

*Deford,* for plaintiff in error.

The court should have admitted the testimony of Alexander McLean, to show that the Sally Gratz survey had never been returned by his father, the deputy surveyor. If it was purloined from his office, and returned without payment of his fees, it was a fraud, and avoided the survey.

"Fraud is an extrinsic collateral act, which vitiates all transactions, even the most solemn proceedings of courts of justice." 2 Starkie's Ev. 22, 506 ; 1 Rawle, 14.

————, for defendant in error.

The opinion of the court was delivered October 17, 1854, by KNOX, J.—As there was no exception to the charge, we cannot notice the error assigned upon it.

The offer to disprove the return of survey, was clearly inadmissible:

1. Because the offer was only to prove that the survey was not returned by the deputy surveyor who executed it.

2. Because the record evidence of the return, neither fraud nor mistake being alleged, was conclusive.

The survey was accepted by the Commonwealth, and a patent issued upon it more than twenty-one years before the trial, and a conveyance from the patentee to a purchaser for a valuable consideration. It is a waste of words to say that the title thus acquired cannot be affected by parol evidence : that the deputy surveyor who made the survey, did not himself return it. A return by his successor would be as good as one from himself. That it was made by some one authorized to make it, is a presumption the conclusiveness of which cannot now be questioned.

Judgment affirmed.